**Lucille PERZ, Plaintiff–Appellee,**

v.

**SCHOOL CITY OF HAMMOND and Hammond City School Board of Trustees, Defendants–Appellants.**

No. 93–3192.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 24, 1994.

Decided May 13, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied June 20, 1994.

George Galanos, Crown Point, IN (argued), for Lucille Perz.

James Whitaker, Paul A. Velligan (argued), Whitaker & Associates, Hammond, IN, for School City of Hammond and Hammond City School Bd. of Trustees.

Before POSNER, Chief Judge, ROVNER, Circuit Judge, and GILBERT, District Judge.*

_____

* The Honorable J. Phil Gilbert of the United States District Court for the Southern District of Illinois, sitting by designation.

ILANA DIAMOND ROVNER, Circuit Judge.

Lucille Perz, a school nurse at the Hammond Morton North High School and a naval reservist, was called to serve in the Persian Gulf War on August 30, 1990. After reporting for military duty only four days into the 1990–91 school year, she was released from service on March 22, 1991 and resumed work at the school on March 26. On October 23, 1991, Perz filed this suit under the Veteran's Reemployment Rights Act, 38 U.S.C. §§ 2021–2027,[1] seeking full pay from the School City of Hammond for the period of her absence. Specifically, she relied on 38 U.S.C. § 2021(b)(3), which provides:

> Any person who seeks or holds a position described in clause (A) or (B) of subsection (a) of this section shall not be denied hiring, retention in employment, or any promotion or other incident or advantage of employment because of any obligation as a member of a Reserve component of the Armed Forces.

On December 19, 1991, the defendants filed a motion to dismiss for failure to state a claim. The district court did not rule on that motion, and the parties filed cross motions for summary judgment in September and October of 1992. On August 9, 1993, the magistrate judge to whom the case had been assigned granted Perz' motion and denied School City's motion. School City now appeals. Because Perz has failed to state a claim under the Act, we reverse and remand with instructions that the case be dismissed.

As Perz has conceded, salary that a reservist would have received during the period of her military duty is not among the "incident[s] or advantage[s] of employment" protected by the Act. As the Supreme Court noted in *Monroe v. Standard Oil Co.*, 452 U.S. 549, 563, 101 S.Ct. 2510, 2518, 69 L.Ed.2d 226 (1981), "there is nothing in the legislative history that would indicate Congress intended that reservists were to be

entitled to all 'incidents and advantages of employment' accorded during their absence to working employees, including regular time and overtime pay." The Court explained:

> The Veterans' Reemployment Rights Handbook, published by the Office of Veterans' Reemployment Rights in 1970 and still in use today, notes that "[t]he law does not require the employer to pay the employee for the time he is absent for military training duty, or even to make up the difference between his military pay and his regular earnings for that period. In this respect, of course, many employers have adopted voluntary policies or contractual obligations, or are subject to State statutes, which give reservists and guardsmen more than the statute . . . requires."

*Id.* at 563 n. 14, 101 S.Ct. at 2518 n. 14. Indeed, the Hammond Teachers' Federation "Master Contract," which governs Perz' employment,[2] includes just such a provision. It reads:

**27.5 Military Duty**

a. If National Guard or Reserve encampment or a period of active training due to emergency situations should occur during the school year, the teacher required to participate shall be granted a temporary leave of absence. The employee will receive regular salary for days spent in government service during a school year to the extent allowable by statute.

■ Perz has attempted to characterize that contractual promise of full salary as a protected "incident or advantage of employment" so as to invoke the Act's coverage. In other words, she contends that because the promise of full salary is a benefit of her employment, its denial is prohibited by section 2021(b)(3) and it is therefore enforceable under the statute. But the statute, which is meant to insure that reservists do not suffer discrimination or disadvantage because of their service, does not protect benefits that are occasioned by that service.

---

1. The Act was amended by the Vietnam Era Veterans' Readjustment Assistance Act of 1974 and is sometimes referred to by that name. The Act has been recodified since Perz filed her suit and now occupies 38 U.S.C. §§ 4301–4307.

2. The "Master Contract" is a collective bargaining agreement between the Hammond Teachers' Federation and School City. Perz is a member of the Hammond Teachers' Federation, and her employment is subject to the terms of that agreement.

The legislative history of section 2021(b)(3) makes that clear. The Senate Report on the bill that became section 2021(b)(3) explained:

Employment practices that discriminate against employees with Reserve obligations have become an increasing problem in recent years.... Section 1 of the bill is intended to protect members of the Reserve components of the Armed Forces from such practices. It provides that these reservists will be entitled to the same treatment afforded their coworkers not having such military obligations by requiring that employees with Reserve obligations "shall not be denied retention in employment or other incident or advantage of employment because of any obligation as a member of a Reserve component of the Armed Forces of the United States."

S.Rep. No. 1477, 90th Cong., 2d Sess. (1968), *reprinted in* 1968 U.S.C.C.A.N. 3421, 3421. The House Report similarly articulated that the purpose of the bill was "to protect reservists and guardsmen from being disadvantaged in employment because of their military obligations." H.R.Rep. No. 1303, 90th Cong., 2d Sess. 3 (1968).

After its own comprehensive review of the section's legislative history in *Monroe,* the Supreme Court concluded:

The legislative history thus indicates that § 2021(b)(3) was enacted for the significant but limited purpose of protecting the employee-reservist against discriminations like discharge and demotion, motivated solely by reserve status.... And the consistent focus of the administration that proposed the statute, and of the Congresses that considered it, was on the need to protect reservists from the temptation of employers to deny them the same treatment afforded their co-workers without military obligations.

452 U.S. at 559–60, 101 S.Ct. at 2516–17. The Court thus held that the section did not entitle reservists to any benefits beyond those available to non-reservist employees, in that case preferential scheduling to accommodate reserve obligations. The Court stressed that the section was "only a non-discrimination measure" (*id.* at 562, 101 S.Ct. at 2518) and noted that "the legislative history ... strongly suggests that Congress did not intend employers to provide special benefits to employee-reservists not generally made available to other employees" (*id.* at 561, 101 S.Ct. at 2517).

A contractual benefit aimed specifically at reservists is therefore clearly outside of the Act's coverage and Perz has failed to state a claim under the Act. Whether or not she has a contractual right to receive her salary for the period of her absence is a question that only the Indiana courts can decide. The decision of the district court is reversed and this case is remanded with instructions to vacate the order of summary judgment and dismiss the case pursuant to Fed.R.Civ.P. 12(b)(6).